NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000427
26-FEB-2015
08:25 AM

NO. CAAP-12-0000427

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FAITH KADOTA, Appellant-Appellant,
v.
DIRECTOR, STATE OF HAWAIʻI DEPARTMENT OF LABOR AND INDUSTRIAL
RELATIONS; AND STATE UNIVERSITY OF HAWAIʻI PAYROLL OFFICE,
Appellees-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1904-08 RAN)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Appellant-Appellant Faith Kadota (Kadota) appeals from
the Final Judgment of the Circuit Court of the First Circuit
(circuit court),[1] entered on March 27, 2012, affirming the
Employment Security Appeals Referees' Office Decision 1101849 in
favor of Appellees-Appellees Director, State of Hawaiʻi
Department of Labor and Industrial Relations (DLIR) and State
University of Hawaiʻi Payroll Office (UH). Kadota, previously
employed as a secretary for the John A. Burns School of Medicine
at UH, filed a claim for unemployment benefits, which was denied
by the DLIR Unemployment Insurance Division (UID). The denial
was affirmed by the DLIR Employment Security Appeals Referees'
Office (hereinafter Appeals Officer), which was then affirmed by
the circuit court.

Kadota contends that the circuit court erred when it:
(1) affirmed the Appeals Officer's determination that Kadota was

---

[1] The Honorable Rhonda A. Nishimura presided.

not able and available for work; and (2) concluded that the Appeals Officer did not abuse her discretion when she denied Kadota's request to postpone the hearing to obtain counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kadota's points of error as follows and affirm.

**(1) Availability under HRS § 383-29(a)(3).** The issue here[2] is whether Kadota's caregiving responsibilities for her disabled sister restricted her availability to accept full-time work under Hawaii Revised Statutes (HRS) § 383-29(a)(3) (2014), which provides in relevant part:

> **§383-29 Eligibility for benefits.** (a) An unemployed individual shall be eligible to receive benefits with respect to any week <u>only if</u> the department <u>finds</u> that:
>
> . . .
>
> (3) The individual is <u>able to work and is available for work</u>[.]

(Emphases added.) Availability is further defined in Hawai'i Administrative Rules (HAR) § 12-5-35, which provides in pertinent part:

> **§12-5-35 Availability.** (a) An individual shall be deemed able and available for work within the meaning of section 383-29(a)(3), Hawaii Revised Statutes, if the individual is able and available for suitable work during the customary work week of the individual's customary occupation which falls within the week for which a claim is filed.

---

[2] DLIR and UH contend that the Appeals Officer's finding that Kadota did not make the required "work search contacts" is a dispositive issue because Kadota failed to challenge the finding on appeal. We decline to rule on the issue of work search contacts and instead affirm on other grounds. Under Hawai'i Administrative Rules (HAR) § 12-5-35(c), Kadota was required to make a minimum of three work search contacts each week, and to submit a record of the contacts upon request by the department. However, the claims examiner did not question Kadota's work search contacts and instead that issue was first raised by the Appeals Officer at the end of the appeals hearing, at which point the Appeals Officer asked Kadota to send in her list of work search contacts. The issue of work search contacts was not set forth in the notice of the hearing and Kadota was not advised of a right to a recess to address the new issue. <u>See</u> HAR § 12-5-93(e)(14). The Appeals Officer based her decision in part on the issue of Kadota's work search contacts, but Kadota did not have the opportunity to fully address this issue at the appeals hearing. Moreover, the circuit court decision does not mention or rely on the work search contacts issue.

. . . .

> (2)   An individual shall be deemed available for work only <u>if the individual is ready and willing to accept employment</u> for which the individual is reasonably fitted by training and experience. The individual must intend and wish to work, and <u>there must be no undue restrictions either self-imposed or created by force of circumstances which prevent the individual from accepting employment</u>.

. . . .

> (b) The individual must be willing to accept the wages <u>and hours and days of employment that are prevailing or customary in the community in which the individual is seeking work</u>. . . .

(Emphases added.)

In her previous employment with UH, Kadota was considered a civil service employee with a regular schedule from 7:45 a.m. to 4:30 p.m., though a past supervisor allowed Kadota to vary her schedule from 8:30 a.m. to 5:15 or 5:30 p.m. depending on her sister's needs. Kadota reported that she spent approximately 4-9 hours per day caring for her sister, who was challenged and lived in an independent group home. The Appeals Officer determined that Kadota had "failed to establish that she is available for work within the meaning of the law[,]" based on the following findings:

> Although claimant contends that her caregiving activities takes place outside of customary work hours, claimant was unwilling to disclose specific details about her sister's daily needs and activities. . . . Claimant was unwilling to estimate the actual amount of time she has spent caring for her sister since she filed her claim for unemployment, nor was she willing to disclose what hours of the day she has spent with her sister. Further, the fact that claimant had ongoing attendance problems at her last job is circumstantial evidence that claimant is not available for full time work during the customary hours of her occupation. The evidence is sufficient to establish that <u>claimant's care for her sister is an undue restriction</u> that prevents claimant from accepting full time employment.

(Emphasis added.) The circuit court affirmed, determining that "the Appeals Officer's decision that [Kadota] was not able and available for work is not clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."

On appeal, Kadota argues that the circuit court's conclusion was wrong because she "stated that she is available for work on Monday through Friday during regular working hours in the UID employment questionnaires and repeatedly explained that her sister's care-giving needs could be met outside of regular working hours <u>with only some [accommodation.]</u>"  (Emphasis added.)

"Review of a decision made by a court upon its review of an administrative decision is a secondary appeal.  The standard of review is one in which [the appellate] court must determine whether the court under review was right or wrong in its decision."  <u>Tauese v. State Dep't of Labor & Indus. Relations</u>, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006) (citations and quotation marks omitted).

The determination of whether a claimant is "available for work" within the meaning of the law "depends to a large extent upon the facts and circumstances in each case."  <u>Foodland Super Mkt. v. Agsalud</u>, 3 Haw. App. 569, 573, 656 P.2d 100, 104 (1982).  Moreover, under HRS § 383-29(a)(3), an "unemployed individual shall be eligible to receive benefits . . . only if the department <u>finds</u> that [t]he individual . . . is available for work[.]"  (Emphasis added.)  Thus, whether a claimant is "available for work" is a factual issue, and the clearly erroneous standard applies.[3]  <u>Tauese</u>, 113 Hawai'i at 25, 147 P.3d at 809.  "A decision of an administrative agency is clearly erroneous if it is not supported by substantial evidence in the record, or if the court is left with a definite and firm conviction that a mistake has been made in view of the reliable, probative, and substantial evidence on the whole record."  <u>Foodland</u>, 3 Haw. App. at 572-73, 656 P.2d at 103; HRS § 91-14(g)(5) (2012).

In <u>Foodland</u>, the court discussed the purpose of the availability determination:

> [The court] must, of course, be guided by the precept that
> the Hawaii Unemployment Security Law should be liberally

---

[3] The parties likewise address the issue under the clearly erroneous standard.  <u>See Int'l Bhd. of Elec. Workers, Local 1357 v. Hawaiian Tel. Co.</u>, 68 Haw. 316, 322, 713 P.2d 943, 950 (1986) ("Agency fact findings are reviewable for clear error.").

construed in order to achieve the beneficent purpose of relief of workers under the stress of unemployment occasioned through no fault of their own. The intention of the [unemployment compensation] act is to provide benefits for the person who is willing and ready to obtain employment so that he may support himself and his family, and the phrase "available for work" is designed to test his continued and current attachment to the labor force. Whether one is "available for work," within the meaning of the act, depends to a large extent upon the facts and circumstances in each case. No precise line can be drawn between availability and unavailability and, in making that demarcation in each case the interests of the witnesses, the probability of their assertions, the admitted facts and other relevant facts and circumstances should be considered so that benefits will be paid only to eligible persons.

3 Haw. App. at 573-74, 656 P.2d at 103-04 (internal citation omitted).

Kadota does not contend that the issue of family caregiving is an improper basis to determine her availability for work. Indeed, it appears that generally, "refusal to be available during certain hours because of family obligations is considered a disqualification for unemployment benefits." 76 Am. Jur. 2d Unemployment Compensation § 150 (2005).

Examination of the record convinces us that there is substantial evidence to support the Appeals Officer's finding as to Kadota's unavailability for work, and thus the circuit court was correct in concluding that the Appeals Officer's finding was not clearly erroneous. Kadota repeatedly gave conflicting statements about whether she could work full time and care for her sister simultaneously. For example, in the initial eligibility questionnaires that Kadota submitted to the claims office, she stated that: she could work Monday through Friday, but left blank a question as to the hours she was willing and able to work and also indicated that her primary problem in finding a job was her caregiving situation; she did not have any alternative arrangements in the event that her caregiving duties conflicted with her work hours; and she would need an "empathetic" and "compassionate" employer who would allow her a flexible schedule to care for her sister.

Throughout the Appeals hearing, both the Appeals Officer and the attorney for UH attempted to elicit specific information about Kadota's caregiving responsibilities, but

Kadota did not give direct answers to many of the questions. It appears that the Appeals Officer considered Kadota's testimony and determined that her representations that she could work full-time Monday through Friday were not credible. "[T]he issue of credibility is within the primary responsibility of the state agency as fact finder, and its determinations will not be disturbed lightly." In re Kauai Elec. Div. of Citizens Util. Co., 60 Haw. 166, 188, 590 P.2d 524, 539 (1978). "It is well settled . . . that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence." Steinberg v. Hoshijo, 88 Hawai'i 10, 18, 960 P.2d 1218, 1226 (1998). For instance, the Appeals Officer specifically found that "[c]laimant was not willing to estimate how much time she has spent caring for her sister on a daily basis from April 10, 2011 [the date from which she sought benefits] through the date of the hearing, nor was she willing to disclose what hours of the day she spent with her sister during that period of time." In addition, the Appeals Officer found that the "[e]mployer contends that during a disciplinary meeting about claimant's attendance, claimant brought up the fact that she needed to care for her disabled sister."

Having reviewed the record, there was reliable, substantial, and probative evidence to support the Appeals Officer's decision. The plain and unambiguous language of the administrative rule requires that "there must be no undue restrictions either self-imposed or created by force of circumstances which prevent the individual from accepting employment." HAR § 12-5-35(a)(2). Given Kadota's restrictions regarding her preferred schedule, the Appeals Officer was not clearly erroneous in finding that Kadota was unavailable for work.

**(2) Denial of Request to Postpone the Hearing.**
Kadota's second point of error is that the circuit court erred when it determined that the Appeals Officer did not abuse her discretion in denying Kadota's oral request to postpone the appeals hearing. Kadota argues that the hearing should have been rescheduled so that she could obtain legal counsel because she

was intimidated by the presence of UH's counsel at the hearing and would have been more clear in answering questions had she also been represented.

The Appeals Officer based her denial on the fact that Kadota had not notified the office in advance, in accordance with the hearing instructions, and that Kadota had not yet arranged for legal representation. First, there is no doubt that Kadota received and read the hearing instructions, given that she properly filed a written request to postpone the first scheduled hearing. Second, although Kadota claims she was surprised that UH had counsel at the hearing, the hearing instructions clearly provide that "[a]ll parties may be represented by an attorney or authorized agent."

Review of the record reveals that the Appeals Officer conducted the hearing in a manner to "protect the rights of all parties" consistent with HAR § 12-5-93(e)(4), and fulfilled her obligation under HAR § 12-5-93(e)(11), which requires giving "every assistance that does not interfere with the impartial discharge of the referee's official duties" where a party is not represented by counsel. The Appeals Officer reminded Kadota that "the claims examiner found that your care for your sister was an undue restriction. So this hearing is your opportunity to show that your care giving for your sister would not prevent you from accepting employment."

In sum, although the Appeals Officer clearly had the discretion to continue the hearing under HAR § 12-5-93(e)(21), we cannot say that she abused this discretion in denying Kadota's untimely request. Not only did Kadota fail to follow the proper procedures, she also gave vague answers about her efforts to retain legal counsel. Thus, the circuit court did not err in its ruling that the Appeals Officer did not abuse her discretion.

Therefore,

7

IT IS HEREBY ORDERED that the March 27, 2012 Final Judgment entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 26, 2015.

On the briefs:

David A. Fanelli
(Law Offices of
 David A. Fanelli, LLLC)
for Appellant-Appellant

Frances E.H. Lum
Li-Ann Yamashiro
Deputy Attorneys General
Department of the Attorney General
Labor Division
for Appellee-Appellee
Director, State of Hawai'i
Department of Labor and
Industrial Relations

Christine Tamashiro
Associate General Counsel
University of Hawai'i
for Appellee-Appellee
University of Hawai'i

Presiding Judge

Associate Judge

Associate Judge

8